UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| LUIS SAEZ | : |
| | : |
| Plaintiff, | : |
| | : |
| VS. | : NO. 3:cv-00915 |
| | : |
| THE STATE OF CONNECTICUT, | : |
| JUDICIAL BRANCH, TAIS C. ERICSON, | : |
| and JAIME LETTIERI, | : |
| | : |
| Defendants. | : JULY 5, 2021 |

## A M E N D E D   C O M P L A I N T

**COUNT ONE**

1. This is an action for money damages to redress the deprivation by the defendants of rights secured to the plaintiff by the laws of the United States and the State of Connecticut. The defendants and each of them participated in discrimination against, disparate treatment, harassment of and retaliation against the plaintiff, an Hispanic male.

2. Said conduct was and is based upon the plaintiff's race, color, ethnicity, gender or in retaliation for his protected complaints about unlawful conduct. The conduct of the defendants was persistent and ongoing to the present, thus constituting a continuous course of conduct.

3. The defendants have disparately treated the plaintiff, unfairly punished and harassed him, have created a hostile work environment, have retaliated against him for

his protected complaints and have denied him employment opportunities within the defendants, which opportunities have been afforded, and which harassment and punishment has not been imposed upon similarly situated employees not of the plaintiff's race, color, ethnicity, gender or in retaliation for his protected complaints about unlawful conduct.

 4. The conduct of the defendants is reckless or intentional and carried out with malice, ill will, or improper motive, on the basis of race, color, ethnicity, gender or in retaliation for his protected complaints about unlawful conduct.

 5. By and through their conduct as stated herein, the defendants have subjected the plaintiff to, inter alia, violation of the rights secured to the plaintiff by the provisions of the Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C.A.§ 2000e.

 6. By and through their actions described hereinafter, the defendants have violated common law rights secured to the plaintiff by the laws of the State of Connecticut, as their actions against the plaintiff constitute violation of the Connecticut Fair Employment Practices Act, Sections 46a-60 et seq. of the Connecticut General Statutes, failure to adequately train and supervise and the intentional infliction of emotional distress.  Such claims are invoked pursuant to this court's supplemental jurisdiction.

7.  Jurisdiction of this Court is invoked under the provisions of Title 28 United States Code §§1331, 1343(3) and 1367(a), Title 42 United States Code §2000e-5(f) and and Title 42 United States Code §§1983 and 1988.

8.  Luis Saez, the plaintiff, is an Hispanic male.

9.  The State of Connecticut, Judicial Branch is a Defendant.

10.  At all times relevant to the instant complaint, the defendant Judicial Branch was and is an employer with more than 100 employees.

11.  The Plaintiff has been employed by the defendant as a Judicial Marshal for approximately twenty (20) years.  The plaintiff has consistently had positive employment performance evaluations, and is a highly competent and valuable employee.

12.  For approximately the past five (5) years, the Plaintiff has been assigned to the Centralized Transportation Unit of the Connecticut Judicial Marshal Services, located at 121 Elm Street, New Haven, Connecticut, a department of the defendants Judicial Branch of the State of Connecticut.

13.  As a Judicial Marshal assigned to the Centralized Transportation Unit, the plaintiff is responsible for the transportation of prisoners and other detainees of the State of Connecticut, to and from, inter alia, prisons, jails, detention centers and courthouses.

14. On July 30, 2018, discipline was imposed upon the plaintiff for conduct which is not only tolerated, but expressly permitted when such conduct is engaged in by Judicial Marshals not of the plaintiff's race.  White, non minority Judicial Marshals are routinely permitted to engage in the conduct which the plaintiff engaged, with no punishment whatsoever.  The plaintiff, however, was suspended for five (5) days without pay.

15. On or about May 1, 2018, the Chief Judicial Marshal of the New Haven Judicial District, Jamie Lettieri, reported to the Director O'Donovan Murphy of the defendants that the plaintiff and his colleague, an African-American Judicial Marshal, were making brief stops prior to picking up prisoners.

16. Chief Judicial Marshal of the New Haven Judicial District, Jamie Lettieri is a white, non-Hispanic female.

17. Director O'Donovan Murphy is a non-Hispanic male.

18. The purpose of the brief stops, averaging approximately five (5) minutes, was for the plaintiff and/or his fellow employee to pick up food to be consumed at the destination Courthouse.  At no time whatsoever did the plaintiff or his colleague make such stop with a prisoner on board the transport vehicle.

19. On May 7, 2018 Lettieri followed up in writing on her complaint to the Director of the defendants, alleging that the plaintiff's stops violated Judicial Branch policy.

20. At the time of her complaints about alleged policy violations by the Hispanic plaintiff, the identical conduct was expressly permitted for non-Hispanic Judicial Marshals.

21. On March 3, 2015, the use of prisoner transport vans for non prisoner transportation was expressly permitted in writing by Chief Marshal Russell Downer of the Windham Judicial District, with the express permission of Director of defendants O'Donovan Murphy.

22. The writing expressly permitted the use of transport vans "To pick-up lunch and return to the Courthouse for consumption."  This is exactly the conduct in which the plaintiff was engaged, for which he was suspended without pay.

23. Chief Judicial Marshal of the Windham Judicial District, Russell Downer is a white, non-Hispanic male.

24. The overwhelming majority of Judicial Marshals in the Windham Judicial District white and non-Hispanic.

25. Further, upon information and belief, Judicial Districts around the State also permit the use of transport vans in the manner which the plaintiff used the transport van, and for which he was suspended without pay.

26. After learning that the Hispanic plaintiff was briefly stopping to pick up food for later consumption as were other, non Hispanic Marshals doing across the State

without punishment, the defendants subjected the plaintiff to an unprecedented level of scrutiny, following, photographing and detailing his every movement.

27. No other white, non-Hispanic Judicial Marshal was subjected to this level of invasive scrutiny.

28. As a result for engaging in conduct which was neither expressly prohibited by Judicial Branch Policy and which was expressly permitted by the Judicial Branch for non-Hispanic employees, the plaintiff was suspended by the defendants.

29. On July 30, 2018, the plaintiff was suspended by the defendants for a period of five (5) days, without pay.

30. Punishment was imposed upon the plaintiff by the Executive Director, Court Operations of the defendants, Tais C. Ericson. Ericson is a non-Hispanic female.

31. As a result of the stated punishment, the 2017-2018 Employee Performance Appraisal of the plaintiff, dated October 3, 2018, was unfairly negatively affected.

32. On July 10, 2018, the plaintiff was issued a Written Reprimand. This further discipline was in retaliation for his complaints about unfair treatment.

33. In the manner stated the Plaintiff was treated differently and more harshly than similarly situated employees of the defendants due to his race, ethnicity, ancestry and national origin.

34. By imposing harsher discipline upon the plaintiff than that imposed upon a non Hispanic employees similarly situated to the plaintiff, the defendants treated the plaintiff more harshly than similarly situated non Hispanic employees, discriminating against him in the terms and conditions of employment based on race, color and ethnicity.

35. The plaintiff has exhausted his administrative remedies in this matter.

36. The actions of the defendant Judicial Branch constitutes, inter alia, discrimination based upon race, color, ethnicity, gender or in retaliation for protected complaints about unlawful conduct, in violation of the rights secured to the plaintiff by the provisions of the Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C.A.§ 2000e.

37. As a result of the actions of the defendants, the plaintiff has suffered loss of rights; humiliation and ridicule; substantial economic losses, including but not limited to loss of income and employment benefits; loss of employment opportunities, advancement and training; loss of self esteem, peace of mind, emotional and physical well being; loss of reputation and standing in his employment, in the eyes of prospective employers and in the public at large; and has suffered severe emotional and mental distress.

**COUNT TWO**

1.-35.  Paragraphs 1-35 of Count One are hereby made Paragraphs 1-35 of Count Two.

36.  By and through their actions described hereinafter, the defendant Judicial Branch has violated common law rights secured to the plaintiff by the laws of the State of Connecticut, as their actions against the plaintiff constitute violation of the Connecticut Fair Employment Practices Act, Sections 46a-60 et seq. of the Connecticut General Statutes.

37.  As a result of the actions of the defendants, the plaintiff has suffered loss of rights; humiliation and ridicule; economic losses, including but not limited to loss of income and employment benefits; loss of employment opportunities, advancement and training; loss of self esteem, peace of mind, emotional and physical well being; loss of reputation and standing in his employment, in the eyes of prospective employers and in the public at large; and has suffered severe emotional and mental distress.

**COUNT THREE**

1.-35.  Paragraphs 1-35 of Count One are hereby made Paragraphs 1-35 of Count Three.

36.  By and through their actions described hereinafter, the defendants have violated common law rights secured to the plaintiff by the laws of the State of

Connecticut, as they have failed to adequately train, screen, hire or supervise their employees.

37. As a result of the actions of the defendants, the plaintiff has suffered loss of rights; humiliation and ridicule; economic losses, including but not limited to loss of income and employment benefits; loss of employment opportunities, advancement and training; loss of self esteem, peace of mind, emotional and physical well being; loss of reputation and standing in his employment, in the eyes of prospective employers and in the public at large; and has suffered severe emotional and mental distress.

**COUNT FOUR: As to Defendants Ericson and Lettieri**

1.-35. Paragraphs 1-35 of Count One are hereby made Paragraphs 1-35 of Count Four.

36. The actions of the defendants were extreme and outrageous.

37. The actions of the defendants were intentional.

38. The actions of the defendants were likely to and did cause the plaintiff emotional distress, and that emotional distress was severe.

39. The actions of the defendants constitute the intentional infliction of emotional distress.

40. As a result of the actions of the defendants, the plaintiff has suffered loss of rights; humiliation and ridicule; economic losses, including but not limited to loss of income and employment benefits; loss of employment opportunities, advancement and training; loss of self esteem, peace of mind, emotional and physical well being; loss of

reputation and standing in his employment, in the eyes of prospective employers and in the public at large; and has suffered severe emotional and mental distress.

**COUNT FIVE: As to Defendants Erickson and Lettieri**

1.-35.   Paragraphs 1-35 of Count One are hereby made Paragraphs 1-35 of Count Four.

36.   During all times mentioned in this action, the defendant Tais C. Ericson was the Executive Director, Superior Court Operations of defendant State of Connecticut Judicial Branch, acting in her official capacity.  For the purpose of this Count she is sued, however, only in her individual capacity.

37.   During all times mentioned in this action, the defendant Jaime Lettieri was the Chief Judicial Marshal, New Haven Judicial District of defendant State of Connecticut Judicial Branch acting in her official capacity.  For the purpose of this Count she is sued, however, only in her individual capacity.

38.   During all times mentioned in this Complaint, the defendants Ericson and Lettieri were acting under color of law, that is, under color of the Constitution, statutes, laws, charters, ordinances, rules, regulations, customs and usages of the United States and the State of Connecticut.

39.   The conduct of the defendants Ericson and Lettieri was intentional and reckless.

40.  The conduct of the defendants Ericson and Lettieri constitute discrimination and disparate treatment in violation of equal protection, due process, and 42 U.S.C. Sections 1981 and 1983.

41.  As a result of the actions of the defendants, the plaintiff has suffered loss of his rights; humiliation and ridicule; economic losses, including but not limited to loss of income and employment benefits; loss of employment opportunities, advancement and training; loss of self esteem, peace of mind, emotional and physical well being; loss of reputation and standing in his employment, in the eyes of prospective employers and in the public at large; and has suffered severe emotional and mental distress.

**WHEREFORE**, the plaintiff claims judgment against the defendants as follows:

A.  Compensatory damages, including but not limited to back pay, lost overtime pay, lost vacation pay, lost seniority and other employment-related benefits; and compensation for other economic losses, including but not limited to emotional distress, physical illness and attorney's fees;

B.  Punitive damages;

C.  Costs of this action;

D.  Reasonable attorney's fees;

E.  Such other relief as this Court shall consider to be fair and equitable.

**CLAIM FOR JURY TRIAL**

The plaintiff claims trial by jury in this case.

                      THE PLAINTIFF

BY_____/S/_____
        WILLIAM S. PALMIERI
        Federal Bar No. ct14361
        Law Offices of William S. Palmieri, L.L.C.
        110 Whitney Avenue
        New Haven, CT 06510
        (203) 562-3100
        (203) 909-6006 (fax)
        wpalmieri@hotmail.com
        His Attorney